**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICIO PEREZ,
Plaintiff-Appellant,

v.                                                                      No. 99-1745

THE UNIVERSITY OF CHARLESTON,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-98-2055-2-11)

Submitted: October 8, 1999

Decided: November 9, 1999

Before WILLIAMS and KING, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale L. DuTremble, Charleston, South Carolina; Derk B. K. Van
Raalte, IV, North Charleston, South Carolina, for Appellant. John K.
Blincow, Jr., Joseph C. Wilson, IV, W. Mullins McLeod, Jr., HOOD
LAW FIRM, L.L.C., Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Patricio Perez appeals the district court's judgment granting sum-
mary judgment to the University of Charleston (the"University") and
dismissing his civil rights complaint. Perez claimed that the Univer-
sity denied him the right to due process under the Fourteenth Amend-
ment by not providing him a pre-deprivation hearing before he was
assigned a grade of "F" for three courses and denied access to his
transcript for failing to pay tuition. Perez also claimed that the post-
deprivation process was not meaningful because it took two years
until he received the relief he sought. Finding no reversible error, we
affirm.

We review a district court's decision to grant summary judgment
de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d
1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only
"if the pleadings, depositions, answers to interrogatories, and admis-
sions on file, together with the affidavits, if any, show that there is no
genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Celotex
Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Under the Fourteenth Amendment, no State "shall . . . deprive any
person of life, liberty, or property, without due process of law." U.S.
Const. amend. XIV, § 1. Assuming without deciding that Perez had
a property interest in his grades and the transcript, see Regents of
Univ. of Mich. v. Ewing, 474 U.S. 214, 222-23 (1985); Board of
Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 84-85 (1978), we
find that he received notice before assignment of the grades that he
must officially withdraw from classes he did not expect to attend.
Clearly, he was provided with a meaningful opportunity to notify the
University that he was withdrawing from classes.

We also find that he was provided with adequate post-deprivation
opportunities to have his grades changed and to have access to his

2

transcript. <u>See Lane Hollow Coal Co. v. DOWCP</u>, 137 F.3d 799, 806 (4th Cir. 1998). There is nothing in the record to indicate that his initial appeals to his professors and to the Dean of Graduate Studies were not carefully and deliberately reviewed. <u>See Horowitz</u>, 435 U.S. at 85.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3